## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AL'S FAMILY AUTOMOTIVE** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **RICK BENNETT,** | **:** | |
| **a/k/a William Richard Bennett, Sr.** | **:** | **No. 11-6237** |

**Norma L. Shapiro, J.**                                                      **January 24, 2012**

### MEMORANDUM AND ORDER

## I. BACKGROUND

Plaintiff Al's Family Automotive filed a complaint against defendant Rick Bennett ("Bennett") in the Court of Common Pleas of Delaware County, Pennsylvania. Bennett filed a counterclaim alleging that Al's Family Automotive failed to restore and return Bennett's vehicles. The Court of Common Pleas dismissed the complaint with prejudice. The counterclaim remained pending.

Bennett (the counterclaim-plaintiff) filed for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware. Bennett timely removed his counterclaim to the U.S. District Court for the Eastern District of Pennsylvania, which has jurisdiction under 28 U.S.C. § 1334(b).[1] Before the court is Bennett's motion to transfer venue to the U.S. District Court for the District of Delaware, where the action can be referred to the U.S.

---

[1] Al's Family Automotive has not moved for mandatory abstention, so we need not address the issue. 28 U.S.C. § 1334(c)(2) (requiring abstention "[u]pon timely motion of a party").

Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157(a). The motion will be granted.

## II.  DISCUSSION

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Section 1412 applies to actions "related to" bankruptcy proceedings. *Toth v. Bodyonics, Ltd.*, C.A. No. 06-1617, 2007 U.S. Dist. LEXIS 18278, at *9, 2007 WL 792172, at *2 (E.D. Pa. Mar. 15, 2007). An action is "related to" a bankruptcy proceeding when "*the outcome of that* [action] *could conceivably have any effect on the estate being administered in bankruptcy.*" *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

Bennett's counterclaim is related to his pending bankruptcy proceeding because his legal interest in the counterclaim is property of the bankruptcy estate. *See* 11 U.S.C. § 541. The outcome of Bennett's counterclaim could affect his bankruptcy estate—the potential value of the counterclaim is "so substantial in proportion to the estate's total available cash that a determination on the Counterclaim will have a very significant impact on the bankruptcy estate's ability to reorganize." *See* motion to transfer venue (paper no. 3) at 2. Because Bennett's counterclaim is related to his pending bankruptcy proceeding, Bennett's motion to transfer venue arises under 28 U.S.C. § 1412.

A decision under § 1412 is governed by the same factors as those under 28 U.S.C.

§ 1404(a).[2] *See In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995). These factors are: (1)

the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim

arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and

financial condition; (5) the convenience of the witnesses; (6) the location of books and records;

(7) the enforceability of the judgment; (8) practical considerations that could make trial easy,

expeditious, or inexpensive; (9) the relative administrative difficulty arising from court

congestion in the two fora; (10) the local interests; (11) the public policies of the fora; and (12) in

diversity cases, the familiarity of the trial judge with the applicable state law. *Jumara v. State

Farm Ins. Co.*, 55 F.3d 873, 879–80, 883 (3d Cir. 1995) (balancing § 1404(a) factors and

directing district court to transfer action to the Middle District of Pennsylvania); *see, e.g.*, *Toth*,

2007 U.S. Dist. LEXIS 18278, at *9–10, 2007 WL 792172, at *2–3; *Shared Network Users Grp.,

Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 452 (E.D. Pa. 2004). "[U]nless the balance of

convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should

---

[2] Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought." The Federal Courts Jurisdiction and Venue Clarification Act of 2011,

Pub. L. No. 112-63, 125 Stat. 758 (2011), amended § 1404(a) to allow district courts to transfer

any civil action to any other district or division where it might have been brought "or to any

district or division to which all parties have consented." *See* Pub. L. No. 112-63 § 204. The

amendment applies to actions commenced on or after January 6, 2012. *See id.* § 205. Because

Bennett filed his counterclaim before January 6, 2012, we refer to § 1404(a) pre-amendment.

prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). In an action related to a bankruptcy proceeding, the appropriate venue is generally the district where the bankruptcy is pending. *Clark v. Chrysler Grp., LLC*, C.A. No. 10-3030, 2010 U.S. Dist. LEXIS 118741, at *26–27, 2010 WL 4486927, at *9 (E.D. Pa. Nov. 5, 2010); *Toth*, 2007 U.S. Dist. LEXIS 18278, at *9–10, 2007 WL 792172, at *2.

Two factors favor transfer: (1) Bennett, the counterclaim-plaintiff, chose the U.S. District Court for the District of Delaware as the forum in his motion to transfer venue; and (2) having the counterclaim and the bankruptcy proceeding decided by the same court would make trial more efficient and less expensive. Three factors weigh against transfer: (1) the counterclaim arose in Pennsylvania; (2) Pennsylvania has a local interest in resolving a counterclaim involving Pennsylvania law; and (3) a bankruptcy judge in the District of Delaware may be less familiar with Pennsylvania contract law than a bankruptcy judge in the Eastern District of Pennsylvania. The other factors are neutral: (1) Al's Family Automotive has shown no forum preference;[3] (2) the two fora are geographically close, which makes the convenience factors negligible, *Barr v.*

---

[3] On November 10, 2011, the court ordered Al's Family Automotive to advise the court in writing on or before November 30, 2011, whether it intended to retain counsel to represent its interest in this action and whether it opposed Bennett's motion to transfer venue (paper no. 4). The court ordered that Bennett's motion to transfer venue would be granted as unopposed if Al's Family Automotive failed to comply with the order. Al's Family Automotive has not advised the court whether it intends to retain counsel or whether it opposes Bennett's motion, but it is unclear whether Al's Family Automotive was ever served with Bennett's motion or the court's order. Neither the court nor Bennett has been able to contact Al's Family Automotive.

*Nat'l R.R. Passenger Corp.*, C.A. No. 08-CV-2529, 2009 U.S. Dist. LEXIS 101090, at *11–12, 2009 WL 3497776, at *5 (E.D. Pa. Oct. 28, 2009); (3) a judgment from the District of Delaware would be as enforceable as a judgment from this district, *Knights Collision Ctr., LLC v. AAA Mid-Atlantic, Inc.*, C.A. No. 09-CV-493, 2010 U.S. Dist. LEXIS 28399, at *16, 2010 WL 1141334, at *4 (E.D. Pa. Mar. 25, 2010); (4) there is no evidence of relative administrative difficulty arising from court congestion in the two fora; and (5) there is no evidence of different public policies.

The factors favoring transfer outweigh those against transfer. The Court of Appeals has instructed district courts to defer to a plaintiff's choice of forum "unless the balance of convenience of the parties is *strongly* in favor of defendant[.]" *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Even if Al's Family Automotive opposed Bennett's motion to transfer venue, the District of Delaware is presumably no less convenient to Al's Family Automotive than the Eastern District of Pennsylvania.[4] Because the counterclaim is related to Bennett's bankruptcy, it would be judicially efficient and economical to have the counterclaim and the bankruptcy proceeding decided by the same court. *See Shared Network Users Grp., Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 452 (E.D. Pa. 2004) (granting motion to transfer venue; finding this factor to be the "overwhelmingly significant factor, outweighing all others"); *Larami*

---

[4] The fora are within forty miles of one another, and Al's Family Automotive—located at 3808 West 9th Street, Trainer, Pennsylvania—is closer to the courthouse for the U.S. District Court for the District of Delaware (approximately 12 miles) than it is to the courthouse for the U.S. District Court for the Eastern District of Pennsylvania (approximately 20 miles). *See* Google Maps, http://maps.google.com (last visited January 23, 2012).

*Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 61–62 (D.N.J. 2000) (granting motion to transfer venue; finding this factor to "weigh[] heavily in favor of transfer").

### III.  CONCLUSION

Bennett's motion to transfer venue to the U.S. District Court for the District of Delaware will be granted. The action shall be transferred to the U.S. District Court for the District of Delaware, where the action can be referred to the U.S. Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157(a). An appropriate order follows.